**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **BRANNON FARMS, LLC,** | : | **CASE NO. 1:24-cv-00730** |
| | : | **Judge Douglas R. Cole** |
| **Plaintiff,** | : | |
| | : | **DEFENDANTS' JOINT** |
| **v.** | : | **MEMORANDUM IN OPPOSITION TO** |
| | : | **PLAINTIFF'S MOTION TO TRANSFER** |
| **CARLETA L. WEYRICH,** *et al*.. | : | **RECORDS FROM HIGHLAND** |
| | : | **COUNTY COMMON PLEAS CASE NO.** |
| **Defendant.** | : | **2022 CV 212 TO THIS CASE (DOC. 21)** |
| | : | |

Now comes Defendants Carleta L. Weyrich and Defendant Philip Weyrich ("Defendants"), by and through counsel and hereby submit their Memorandum in Opposition to Plaintiffs' Motion to Transfer Records from Highland County Common Pleas Case No. 2022 CV 212 to this Case (Doc. 21.)

I.     **INTRODUCTION**

This case originated as a result of a dispute between neighboring property owners. Defendants Carleta Weyrich and Philip Weyrich own a farm on Kelly Lane in Highland County opposite a farm on the other side of Kelly Lane owned by Plaintiff. Doc. 1 PgID. 2. Plaintiff Brannon Farms, LLC ("Brannon Farms") initiated this lawsuit alleging generally that Defendant Carleta Weyrich misused, abused, or in some way took advantage of her position as the Fiscal Officer for Jackson Township to retaliate against Plaintiff for an exercise of its First Amendment Rights related to a petition to vacate Kelly Lane. *Id* at 2. Additionally, Plaintiff asserts that Defendant Carleta Weyrich filed a lawsuit against Plaintiff in state court, captioned *Philip Weyrich et al v. Brannon Farms, LLC*, Highland County Court of Common Pleas Case No. 22 CV 212

1

("State Court Case"), without basis, and in an attempt to frustrate Plaintiff's interests. *Id.* at PgID 8.

The Complaint in this matter references emails between Carleta Weyrich as the Jackson Township Fiscal Officer and the Highland County Prosecutor's office regarding any potential conflict of interest in the Kelly Lane matter and issues related to the petition to vacate Kelly Lane. *Id.* at PgID 7, 10, Paragraphs 41, 61. However, in the State Court Case there was briefing and a decision relating to those very emails and whether they were privileged communications. In fact, the Highland County Prosecuting Attorney Anneka Collins and Assistant Prosecuting Attorney Molley Bolek, through counsel, filed a Motion to Quash Subpoenas or in the alternative, Motion to Intervene ("Motion to Quash") regarding subpoenas issued to them to appear in depositions and provide documents. They also filed a Motion to Strike allegations in the Counterclaim First Amended Counterclaim filed by Brannon Farms, LLC in that case regarding those communications and the actions of the Prosecutor.[1] As a result of the Motion to Quash, on March 27, 2024, Judge Coss with the Highland County Common Pleas Court held a hearing on the Motion to Quash. Plaintiff Brannon Farms, LLC participated and was represented by counsel. On March 29, 2024, Judge Coss issued a Decision and Order Granting Motion to Quash Subpoena for Depositions and Production of Documents ("Motion to Quash Decision").

Just as in this case, Brannon Farms' Counterclaim and Amended Counterclaim in the State Court Case Brannon Farms made allegations that Carleta Weyrich abused her public office to influence the Highland County Commissioners regarding Brannon Farms' petition to vacate the

---

[1] See Exhibit A, attached hereto, Decision and Order Granting Motion to Quash Subpoena for Depositions and Production of Documents ("Motion to Quash Decision") and Exhibit B Decision and Order Striking and Ordering Redaction of Allegations in Counterclaim and Amended Counterclaim, available publicly at https://www.highlandclerkofcourts.org/ . The Court may take judicial notice of matters of public record. *Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017) and furthermore, "[t]he court may take judicial notice at *any* stage of the proceeding." Fed. R. Evid. 201(d) (emphasis added).

southern portion of Kelley Lane. (Exh. A, p. 2-3.)  In the State Court Case, the parties stipulated that the Highland County Prosecutor was legal counsel for the Commissioners and the Jackson Township Board of Trustees. (Exh. A, p. 3.) As was noted by Judge Coss in his Motion to Quash Decision:

> Unfortunately, Mrs. Weyrich at some point provided copies of these emails to her attorney in this action in which she is named as a private citizen, not as the township fiscal officer. These emails should not have been released by Mrs. Weyrich without approval by a vote of the Board of Trustees as the township is the Prosecutor's client and they pertained to legal advice and guidance. Furthermore, Plaintiff's counsel should have recognized that these were attorney-client communications and contacted the Prosecuting Attorney and then return them to Weyrich with instructions not to reveal confidential attorney-client communications to anyone without a waiver of the privilege by the township.

(Exh. A, p. 3.) Judge Coss went on to find that, "it is clear that the email communication between [Anneka Collins] and Carleta J. Weyrich concerned Collins' providing legal advice to Jackson Township." (Exh. A, p. 4.) In making his ruling, Judge Coss relied upon an affidavit of Prosecutor Collins and the deposition of Carleta Weyrich from which Judge Coss noted that it was clear "that the communications between them were for the purposes of providing legal advice and guidance to the Jackson Township Trustees regarding the law on vacating public roads" and were "clearly in the context of determining what action the trustees might take on the application." (Exh. A, p. 5.)

As a result, Judge Coss ordered "that the Plaintiffs and Defendant place all copies of all communications that they possess in a sealed envelope and file them with the Clerk of Court for the purposes of any appeals that may be filed." (Exh. A, p. 5.) Brannon Farms did not appeal the Decision on Motion to Quash, although it did appeal the subsequent decision by Judge Coss relating to a request of the Prosecutor to strike allegations in Brannon Farms'

Counterclaim and Amended Counterclaim filed in the State Court Case. (Exh. B and C[2].) However, that appeal was dismissed on February 14, 2025.[3]

Brannon Farms now seeks to have the sealed documents in the State Court Case transferred to the federal court in this case.  Defendants maintain, however, that Brannon Farms' request is improper and should be denied.

## II.     <u>LAW AND ARGUMENT</u>

Brannon Farms is improperly attempting to have this Court review and essentially overturn a Decision and Entry of the Highland County Common Pleas Court. Plaintiff argues that the documents filed under seal in the State Court Case should be transferred so that this Court may determine the issue of privilege. However, the issue of privilege has already been determined by Judge Coss in the State Court Case.

Brannon Farms' reliance on a District Court criminal case decision out of the Western District of New York for the contention that this Court possesses the authority to unseal state records is misplaced. In *Howard v. City of Rochester*,758 F. Supp. 3d 109, the plaintiff sought access to his own sealed criminal records under a New York Criminal Procedure Law §160.50 for use in his federal case. Section 160.50 provided that "upon the termination of a criminal action or proceeding against a person in favor of such person." During discovery, the plaintiff sought his own sealed criminal case records from the Monroe County District Attorney's Office (MCDA). The County refused to produce them without a state court order, citing comity and the sealing statute. The plaintiff moved, in federal court, to unseal his own records. In ruling on the plaintiff's motion, the federal court noted that the plain language of the state statute anticipated easy access

---

[2] See Exhibit C, Brannon Farms, LLC Notice of Appeal.
[3] https://eaccess.hccpc.org/eservices/searchresults.page?x=mlUvu6a2iOpJ9JJg2ljuEEAFaUupXfsYHtaYBPD-FpF*fX3PmQKNuTcIhQ2KQ0zF6WX2SgI0mUOvjQ8Q5qvZnA

for the plaintiff to obtain his own records. The federal court further found that it did not run afoul of the comity interests because there was an important federal interest in broad discovery and the County did not demonstrate what interests of privacy would be harmed since it was the plaintiff seeking his own records. The federal court recognized that it had "no general power to compel action by state officials." *Id.* at p. 122. Thus, the *Howard* Court held that to respect comity, federal courts require a jurisdictional hook. *Id.* at 123. In the *Howard* case that "hook" was that the information was requested by the plaintiff in discovery in the federal case and the County had possession, custody and control over the documents but would not turn them over. *Id.* p. 126-127. Thus, the *Howard* court determined that it had the ability to address the matter as a result of the plaintiff's discovery motion to compel. *Id.*

First, the Howard case is not binding on this Court, but more importantly, this case is factually and procedurally distinguishable. Not only has there not been a discovery request or motion to provide this court with a similar "jurisdictional hook," the records at issue are not Defendants' records and they are not in the Defendants' in this case possession, custody or control.[4]

As is evident from Brannon Farms' motion, it seeks to have this Court review and essentially overturn Judge Coss' Motion to Quash Decision on the issue of the privileged communications between Carleta Weyrich and Prosecutor Collins. (Doc. 21, PgID 123.) However, a federal court cannot review an Order issued in a state court civil action and declare it to be void. United States District Courts do not have jurisdiction to overturn state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292, 125 S. Ct. 1517 (2005). Under the Full Faith and Credit Act, 28 U.S.C. § 1738, this Court must give a state court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment

---

[4] Defendants were also required to turn over all copies of the emails at issue to the Highland County Common Pleas Court. (See Exh. D, attached hereto.)

was rendered." *Blue Rock Invs. v. City of Xenia*, No. 3:17-cv-409, 2020 U.S. Dist. LEXIS 51935, at *8 (S.D. Ohio Mar. 23, 2020) citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 80-81, 104 S. Ct. 892 (1984).

Here, Judge Coss determined the communications were privileged and only Jackson Township through its Board of Trustees could waive that privilege—not Carleta Weyrich or any other party. And in this case, just as in the State Court Case, neither the Jackson Township Board of Trustees nor the Highland County Prosecutor are parties to this action and therefore, they cannot defend the privilege. Thus, because Judge Coss determined the communications were subject to the attorney-client privilege, Judge Coss ordered Brannon Farms and the Defendants turn over all copies of the communications at issue to the Court and sealed.

Brannon Farms is now estopped from litigating the privilege issue that was decided in a prior action between these same parties. The doctrine of collateral estoppel, or issue preclusion, "'precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action.'" Markowitz v, Campbell, 190 F.3d 455, 461 (6th Cir. 1999)(quoting *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)). Pursuant to 28 U.S.C. § 1738, federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which that judgment was rendered." *Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892 (1984).

"Collateral estoppel will apply where (1) the law of collateral estoppel in the state in which the issue was litigated would preclude relitigation of such issue, and (2) the issue was fully and fairly litigated in state court." *Markowitz*, 190 F.3d at 461 (citing 28 U.S.C.A. § 1738 (West 1994)) ("[State] Acts, records and judicial proceedings . . . shall have the same full faith and credit in

every court within the United States . . . as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."). In Ohio, issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 1994 Ohio 358, 637 N.E.2d 917 (1994). Here, the issue of whether the communications between Carleta Weyrich and the Prosecutor was actually and directly litigated in the State Court Case and Brannon Farms was unquestionably a party to that prior action. Thus, because the matter of privilege has already been actually and directly litigated, Brannon Farms is collaterally estopped from relitigating that issue and therefore, there is no reason to transfer the records at issue from the Highland County Common Pleas Court to this Court.

Finally, whether the standard for state law privilege is controlling in federal question cases is not the issue here. Defendants are not arguing in this memorandum as to whether or not the communications should be deemed privileged under Ohio privilege law and not federal privilege law. Rather, Defendants maintain that the issue of privilege has already been decided and cannot be relitigated in this Court. Brannon Farms relies on *Freed v. Grand Court Lifestyles, Inc.* 100 F. Supp 2d 610, 612 (S.D. 1998), a case which did not examine not the attorney-client privilege, but rather whether certain Ohio Bureau of Employment Services records were privileged and *Hancock v. Dodson*, 958 F.2d 1367 (6th Cir. 1992), a case dealing with physician-patient privilege in which the court found that the privilege was waived by the plaintiff. Again, this case is factually distinguishable because not only does it involve a question of attorney-client privilege, neither the client (Johnson Township or its Board of Trustees) nor the attorney (the County Prosecutor) is a party to this litigation to defend the privilege. Accordingly, Brannon Farms Motion must be denied.

## III.  CONCLUSION

Based upon all of the foregoing, Defendants Carleta Weyrich and Philip Weyrich respectfully request that this Court deny Plaintiff Brannon Farms, LLC's Motion to Transfer Records from Highland County Common Pleas Case No. 2022 CV 212 to this Case (Doc. 21).

Respectfully submitted,
SURDYK, DOWD & TURNER CO., L.P.A.

/s/ *Dawn M. Frick*
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
*Trial Attorneys for Carleta L. Weyrich in her
official and individual capacity*

/s/ *Steven C. Coffaro*
Steven C. Coffaro (0065116)
Samuel B. Weaver (0104472)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH  45202
Phone: 513.579.6489
Fax: 513.579.6457
steve.coffaro@kmklaw.com
sweaver@kmklaw.com
*Attorneys for Philip Weyrich*

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, a copy of which will automatically be forwarded to the parties or their counsel of record.

/s/ Dawn M. Frick
Dawn M. Frick (0069068)

8